MIGUEL MORALES-RODRIGUEZ, Employee, Plaintiff v. CAROLINA QUALITY EXTE-
RIORS, INC. AND/OR BILL VINSON D/B/A 3-D AESTHETIC HOUSE ART, Employers,
Noninsured AND WILLIAM F. VINSON, III, Individually AND CYNTHIA VINSON,
Individually, Defendants

No. COA07-1389

(Filed 20 July 2010)

**1. Workers' Compensation— jurisdiction—employee—not independent contractor**

The Industrial Commission had jurisdiction in a workers' compensation case to award plaintiff benefits because plaintiff was defendants' employee, and not an independent contractor, at the time of his alleged injury.

**2. Workers' Compensation— temporary total disability benefits—late fee**

The Industrial Commission erred in a workers' compensation case in assessing defendant a ten percent late fee on accrued temporary total disability benefits awarded to plaintiff. Defendants timely appealed from the opinion and award and, therefore, no payment had become due at the time the opinion and award was rendered.

Appeal by defendants from Opinion and Award entered 10 July 2007 by the North Carolina Industrial Commission. Heard in the Court of Appeals 24 May 2010.

*No brief for plaintiff-appellee.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by Jacob H. Wellman, for defendants-appellants.*

MARTIN, Chief Judge.

Plaintiff sought benefits for injuries allegedly sustained on 10 September 2004 when he fell from a building at Nags Head, North Carolina while applying stucco siding. He testified that he was using

a rope and harness to hang from the side of the building when the rope came loose from a roof-mounted fan to which it was attached, causing him to fall. Defendants denied that an employer-employee relationship existed on the date of the alleged injury, and further denied that plaintiff suffered an accident arising out of the course and scope of his employment.

By an Opinion and Award entered 10 July 2007, the Full Commission found and concluded that plaintiff was an employee of defendant Carolina Quality Exteriors, Inc. and was injured in the course and scope of that employment. The Commission awarded plaintiff temporary total disability benefits and medical expenses, assessing a ten percent late penalty for late payment of compensation, assessing penalties for failing to secure workers' compensation insurance, assessing a civil penalty against defendants for failing to comply with N.C.G.S. § 97-93, and assessing an additional civil penalty against Cynthia Vinson, vice-president of Carolina Quality Exteriors, Inc., for failure to comply with N.C.G.S. § 97-93.

On 9 August 2007, defendants appealed to this Court. These proceedings were stayed on 23 January 2008 pursuant to 11 U.S.C. § 362 by reason of a bankruptcy proceeding filed by individual defendant, Cynthia Vinson. By order of this Court entered 12 February 2010, these proceedings were resumed after it was made to appear to the Court that Cynthia Vinson has been discharged in bankruptcy and the bankruptcy proceeding had been closed.

---

[1] On appeal, defendants first challenge the Commission's jurisdiction to award benefits because they contend plaintiff was not an employee of Carolina Quality Exteriors, Inc. at the time of his alleged injury. In order for a claimant to maintain a proceeding for worker's compensation benefits, it is required that the claimant be an employee, in law and in fact, of the party from whom the compensation is claimed. *Youngblood v. North State Ford Truck Sales*, 321 N.C. 380, 383, 364 S.E.2d 433, 437, *reh'g denied*, 322 N.C. 116, 367 S.E.2d 923 (1988). Defendants contend plaintiff was an independent contractor.

An independent contractor is not covered by the Worker's Compensation Act and does not come within the jurisdiction of the Industrial Commission. *See id.* The burden is upon the claimant to prove the existence of the employer-employee relationship at the time the injury occurred. *Ramey v. Sherwin-Williams Co.*, 92 N.C. App. 341, 343, 374 S.E.2d 472, 473 (1988).

The issue of whether an employer-employee relationship existed at the time of the injury, then, is a jurisdictional fact. *Lucas v. Li'l Gen. Stores*, 289 N.C. 212, 218, 221 S.E.2d 257, 261 (1976).

> [T]he finding of a jurisdictional fact by the Industrial Commission is not conclusive upon appeal even though there be evidence in the record to support such finding. The reviewing court has the right, and the duty, to make its own independent findings of such jurisdictional facts from its consideration of all the evidence in the record.

*Id.* Because defendants challenge the Commission's jurisdiction, we have examined the entire record *de novo*, as we are required to do, and, for the reasons explained below, hold that plaintiff was defendants' employee at the time of his alleged injury. Therefore, the Commission did have jurisdiction to award him benefits.

In determining whether the relationship of employer-employee, or that of independent contractor, exists, our Supreme Court has stated, "The vital test is to be found in the fact that the employer has or has not retained the right of control or superintendence over the contractor or employee as to details." *Hayes v. Elon Coll.*, 224 N.C. 11, 15, 29 S.E.2d 137, 140 (1944). Factors to be considered are that

> [t]he person employed (a) is engaged in an independent business, calling, or occupation; (b) is to have the independent use of his special skill, knowledge, or training in the execution of the work; (c) is doing a specified piece of work at a fixed price or for a lump sum or upon a quantitative basis; (d) is not subject to discharge because he adopts one method of doing the work rather than another; (e) is not in the regular employ of the other contracting party; (f) is free to use such assistants as he may think proper; (g) has full control over such assistants; and (h) selects his own time.

*Id.* at 16, 29 S.E.2d at 140. However,

> [t]he presence of no particular one of these *indicia* is controlling. Nor is the presence of all required. They are considered along with all other circumstances to determine whether in fact there exists in the one employed that degree of independence necessary to require his classification as independent contractor rather than employee.

*Id.*

In performing our task to review the record *de novo* and make jurisdictional findings independent of those made by the Commission, we are necessarily charged with the duty to assess the credibility of the witnesses and the weight to be given to their testimony, using the same tests as would be employed by any fact-finder in a judicial or quasi-judicial proceeding. In the present case, only two witnesses, plaintiff and defendant Bill Vinson, provided evidence with respect to the plaintiff's status at the time of this injury.

Plaintiff testified through an interpreter. His testimony tended to show that he had been employed by defendant as a plasterer for eight or nine months on the date of the accident. He was required to complete an application and, when he was hired, defendant Vinson agreed to pay him "by the hour." He testified that defendant Vinson assigned the jobs on which he was required to work. After about four months, he was made a supervisor of other workers, but those workers were hired by defendant Vinson, rather than plaintiff. Defendant Vinson would prepare time sheets for the workers each week and give them to plaintiff, who would fill in his time and the other workers' time, and return them to defendant Vinson. Defendant Vinson would then pay the workers directly, by check. Plaintiff offered into evidence some of the time sheets he had filled out while he was employed, and a wage statement for 2004, showing the amount he had been paid and also showing various amounts defendants had deducted from his pay for various items, including workers' compensation insurance.

On the morning of the accident, plaintiff testified that defendant Vinson was present at the job site and gave him instructions as to what needed to be done that day and how to do it. He testified that defendant tied the rope to the roof and instructed him to use it and the harness to complete stucco work near the roof. Later the same afternoon, while plaintiff was working as defendant Vinson had instructed him, he fell and sustained his injury.

Defendant Vinson testified that although plaintiff had initially been paid by the hour, he had approached plaintiff sometime before beginning work on the Nags Head project and requested that he be paid based on the work performed rather than hourly. Defendant Vinson testified that he agreed with plaintiff's request, but offered no evidence to support his contention that he ever paid plaintiff "by the foot" rather than "by the hour." He denied that he had been on the job site on the date of plaintiff's injury, that he did not give plaintiff directions on how to do the work or how long it should take him, and that

he did not supervise plaintiff and did not even intend to inspect plaintiff's work as long as he got paid for it. Finally, defendant Vinson testified that he did not believe plaintiff was injured in the manner in which plaintiff testified.

In their brief, defendants point to various inconsistencies which they contend exist in plaintiff's testimony, and argue that we should, therefore, afford no credibility to his testimony concerning the relationship which he had with defendants. We have considered their contentions carefully and conclude that some of the alleged inconsistencies appear to be due to difficulties encountered by the interpreter in phrasing plaintiff's testimony. Others have to do with the manner in which the accident occurred and the manner in which plaintiff described the accident and his injuries to various medical providers, which have no bearing on the employment relationship. Moreover, the Commission found the facts relating to the manner in which the accident occurred and the injuries sustained by plaintiff consistent with plaintiff's testimony, and defendants have brought forward no exceptions to those findings. Since they have no bearing on the issue of jurisdiction and are supported by plaintiff's testimony, they are binding upon us.

On the other hand, we believe defendant Vinson was evasive in his testimony and asserted no recollection of various facts which bear on the jurisdictional issue. Based on the totality of the evidence, and after assessing the weight and credibility to be given to the testimony of each of the two witnesses, we conclude the evidence shows that none of the *Hayes* factors indicative of an independent contractor relationship are present here, and that defendant Vinson retained "the right of control and superintendence" over plaintiff so that plaintiff was defendants' employee. Therefore, we hold that plaintiff was an employee of defendants on the date of his injury, and that defendants regularly employed three or more employees on the date of the accident so as to be subject to the provisions of the Workers' Compensation Act.

[2] Defendants' only remaining argument is that the Commission erred in assessing a ten percent late fee on accrued temporary total disability benefits. We agree.

N.C.G.S. § 97-18(g) states that, "[i]f any installment of compensation is not paid within 14 days after it becomes due, there shall be added to such unpaid installment an amount equal to ten per centum (10%) thereof, which shall be paid at the same time as, but in addition

to, such installment . . . ." N.C. Gen. Stat. § 97-18(g) (2009). The first installment of plaintiff's compensation "shall become due 10 days from the day following expiration of the time for appeal from the award or judgment." N.C. Gen. Stat. § 97-18(e). A party has fifteen days from notice of the Deputy Commissioner's award to appeal to the Full Commission. N.C. Gen. Stat. § 97-85 (2009). Defendants, who gave notice of appeal from the deputy commissioner's 13 December 2006 Opinion and Award on 21 December 2006, timely appealed from this Opinion and Award. A party has an additional thirty days from the date of or notice of the Full Commission's award to appeal to this Court. See N.C. Gen. Stat. § 97-86 (2009). Defendants, who gave notice of appeal from the full Commission's 10 July 2007 Opinion and Award on 7 August 2007, also timely appealed from this Opinion and Award. Therefore, no payment had become due at the time of the Full Commission's Opinion and Award and the assessment of the late penalty was error.

Affirmed in part, vacated in part.

Judges BRYANT and ELMORE concur.