NO. COA13-620

NORTH CAROLINA COURT OF APPEALS

Filed: 4 February 2014


JANET MAY and CURTIS HILL, Co-
Administrators of the Estate Of
Mark Curtis Hill,
    Plaintiffs,

      v.                           Wayne County
                                  No. 10 CVS 2651

MELROSE SOUTH PYROTECHNICS, INC.,
and OCRACOKE CIVIC & BUSINESS
ASSOCIATION d/b/a OCRACOKE ISLAND
CIVIC AND BUSINESS ASSOCIATION,
    Defendants.


JUDY B. GRAY, Administrator of the
Estate of Melissa Annette Simmons,
    Plaintiff,

      v.                           Wayne County
                                  11 CVS 1376

EAST COAST PYROTECHNICS, INC.,
formerly known as MELROSE SOUTH
PYROTECHNICS, INC.,
    Defendant.


KEVIN F. MACQUEEN, Administrator
of the Estate of Charles Nathaniel
Kirkland, Jr.,
    Plaintiff,

      v.

                           Wayne County
EAST COAST PYROTECHNICS, INC.,   11 CVS 1377
formerly known as MELROSE SOUTH
PYROTECHNICS, INC.,
    Defendant.

MARTEZ HOLLAND,
    Plaintiff,

    v.                                     Wayne County
                                             11 CVS 1379

EAST COAST PYROTECHNICS, INC.,
formerly known as MELROSE SOUTH
PYROTECHNICS, INC.,
    Defendant.

Appeal by Defendants from order entered 1 October 2012 by Judge Arnold O. Jones, II in Superior Court, Wayne County. Heard in the Court of Appeals 7 January 2014.

> *Farris & Farris, PA, by Robert A. Farris, Jr. and Rhyan A. Breen, and Thomas & Farris, PA, by Albert S. Thomas, Jr., for Plaintiffs-Appellees Janet May and Curtis Hill, Co-Administrators of the Estate of Mark Curtis Hill; Donald E. Clark, Jr., PLLC, by Donald E. Clark, Jr., and The Wright Law Firm, by Paul M. Wright for Plaintiff-Appellee Judy B. Gray, Administrator of the Estate of Melissa Annette Simmons; Riddle & Brantley, LLP, by Gene A. Riddle and Jonathan M. Smith, for Plaintiff-Appellee Kevin F. MacQueen, Administrator of the Estate of Charles Nathaniel Kirkland, Jr.; and Jerry Braswell for Plaintiff-Appellee Martez Holland.*

> *Cranfill Sumner Hartzog LLP, by Daniel G. Katzenbach and M. Denisse Gonzalez, for Defendants-Appellants.*

McGEE, Judge.

This case is before us on remand from the North Carolina Supreme Court. Our Court originally dismissed the appeal in this matter as interlocutory on 8 August 2013. Melrose South

Pyrotechnics, Inc. ("Melrose") and East Coast Pyrotechnics, Inc. petitioned our Supreme Court for writ of certiorari, and the Supreme Court, in an order entered 3 October 2013, allowed the petition "for the limited purpose of remanding to the Court of Appeals for consideration of the merits." This Court therefore reviews the merits of Defendants' appeal.

This action arises out of a fireworks explosion in which several people were killed or seriously injured. Janet May ("May") and Curtis Hill ("Hill"), co-administrators of the estate of Mark Curtis Hill, filed a complaint on 2 December 2010 against Melrose and Ocracoke Civic & Business Association d/b/a Ocracoke Island Civic and Business Association ("Ocracoke") (together, "Defendants"), alleging negligent hiring, gross negligence, and strict liability.

May and Hill alleged that Melrose was "in the business of providing fireworks displays[;]" that Terry Holland "had been a part-time employee of . . . Melrose since 2000;" that Ocracoke "contracted with . . . Melrose to provide a fireworks display[;]" that Terry Holland "received some training from . . . Melrose as 'Chief Pyrotechnician' to work on its behalf conducting fireworks displays in North Carolina;" and that Terry Holland "was advanced sums of money to retain the

–4–

independent services of a crew to assist him in performing fireworks displays" by Melrose.

Judy B. Gray ("Gray"), as administrator of the estate of Melissa Annette Simmons, and Kevin F. MacQueen ("MacQueen"), as administrator of the estate of Charles Nathaniel Kirkland, Jr., filed separate complaints on 1 July 2011 against East Coast Pyrotechnics, Inc., formerly known as Melrose, alleging negligence, gross negligence, strict liability, and, in the alternative, a *Woodson* claim. Martez Holland filed a complaint on 1 July 2011 against Melrose, alleging negligent hiring, gross negligence, and strict liability.

The trial court, in an order entered 15 November 2011, consolidated the actions of May and Hill, Gray, MacQueen, and Martez Holland (together, "Plaintiffs"). Defendants filed a motion for summary judgment on 24 August 2012. The trial court denied Defendants' motion for summary judgment in an order entered 1 October 2012 because "there do exist genuine issues of fact[.]"

## I. Standard of Review

"We review a trial court's order granting or denying summary judgment *de novo*. Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment" for that of the trial court. *D.G. II, LLC v. Nix*, 213

N.C. App. 220, 229, 713 S.E.2d 140, 147 (2011) (internal quotation marks omitted).

## II. Rule

A trial court should grant a motion for summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2013); *see also D.G. II*, 213 N.C. App. at 228, 713 S.E.2d at 147.

The purpose of N.C.G.S. § 1A-1, Rule 56 "is to eliminate formal trials where only questions of law are involved." *Lowe v. Bradford*, 305 N.C. 366, 369, 289 S.E.2d 363, 366 (1982). "An issue is 'genuine' if it can be proven by substantial evidence and a fact is 'material' if it would constitute or irrevocably establish any material element of a claim or a defense." *Id.*

## III. Relationship Between Plaintiffs and Defendants

Defendants first argue the trial court erred in denying their motion for summary judgment because "[t]he issue of whether Plaintiffs are employees or independent contractors can be decided as a matter of law." We disagree.

As stated above, summary judgment requires that (1) "the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and (2) "any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c).  In the present case, there remain several genuine issues of fact that are material to determining the nature of the relationship between Plaintiffs and Defendants.

Defendants contend there are some undisputed facts that "show conclusively that Plaintiffs were employees" of Melrose. Defendants cite *Hayes v. Elon College*, 224 N.C. 11, 29 S.E.2d 137 (1944), for support of their argument.  However, in *Hayes*, there was "no substantial controversy as to the facts."  *Id.* at 15, 29 S.E.2d at 139.  By contrast, in the present case, there is substantial controversy as to the facts, as will be shown in this section.  We therefore cannot determine the nature of the relationship between Plaintiffs and Defendants at this stage in the proceedings.

In their complaint, May and Hill alleged that Terry Holland "had been a part-time employee of . . . Melrose since 2000[.]" They further alleged that the "crew members selected by [Terry] Holland were not employees of . . . Melrose but were contracted by [Terry] Holland for . . . Melrose on a job by job basis[.]" Melrose denied this allegation in its answer.

Similarly, in her complaint, Gray alleged that "Simmons and the other crew members were not employees of Defendant but were contracted by [Melrose] by and through its employee, [Terry] Holland, to work on the July 4, 2009, fireworks display for" Ocracoke. Melrose denied this allegation in its answer.

Likewise, in his complaint, MacQueen alleged that Charles Nathaniel Kirkland, Jr. "and the other crew members were not employees of Defendant but were independent contractors retained by Defendant by and through its employee, [Terry] Holland, to work on the July 4, 2009, fireworks display for" Ocracoke. Melrose denied this allegation in its answer.

In his complaint, Martez Holland alleged that the "crew members selected by [Terry] Holland were not employees of [Melrose] but were contracted by [Terry] Holland for [Melrose] on a job by job basis[.]" Melrose denied this allegation in its answer.

To determine "whether the relationship of employer-employee, or that of independent contractor, exists, our Supreme Court has stated, 'The vital test is to be found in the fact that the employer has or has not retained the right of control or superintendence over the contractor or employee as to details.'" *Morales-Rodriguez v. Carolina Quality Exteriors, Inc.*, 205 N.C. App. 712, 714, 698 S.E.2d 91, 93-94 (2010).

Factors to consider in determining whether the relationship of employer-employee exists include that the person employed:

> (a) is engaged in an independent business, calling, or occupation; (b) is to have the independent use of his special skill, knowledge, or training in the execution of the work; (c) is doing a specified piece of work at a fixed price or for a lump sum or upon a quantitative basis; (d) is not subject to discharge because he adopts one method of doing the work rather than another; (e) is not in the regular employ of the other contracting party; (f) is free to use such assistants as he may think proper; (g) has full control over such assistants; and (h) selects his own time.

*Id.* at 714, 698 S.E.2d at 94.

Thomas Thompson, president of Melrose, testified in a deposition that the lead technician is paid ten percent of the value of the show and has the "choice to decide how he wants to split that up" among his crew. However, May stated in an affidavit that at no time "did Mark [Curtis] Hill ever represent to [her] that he was working for Melrose[.]" May further stated that Melrose "never issued any compensation for the work performed by Mark [Curtis] Hill." Furthermore, Ronnie Tessenner ("Tessenner"), who worked for Melrose in 2009, testified that Mark Curtis Hill, in his past work experience, had repaired items in homes. Tessenner also testified that Charles Nathaniel Kirkland, Jr. was an electrician and that "it would be helpful

to have an assistant that had some electrical experience" in a fireworks display.

The pleadings and depositions show that there is substantial controversy as to the facts that define the nature of the relationship between Plaintiffs and Defendants. Because there is a substantial controversy as to the facts, at this stage in the proceedings, we cannot determine the nature of the relationship. Defendants have not shown that the trial court erred in denying Defendants' motion for summary judgment on this basis.

### IV. Negligence, Gross Negligence, Strict Liability, and Negligent Hiring

Defendants also argue the trial court erred in denying Defendants' motion for summary judgment "as to Plaintiffs' claims for negligence, gross negligence, strict liability, and negligent hiring because no issues of fact exist to support any of those claims." We disagree.

Defendants contend that "[e]ven if Plaintiffs are found to be independent contractors, they fail to set forth evidence to support any recognized exception to the 'no liability' rule for general contractors." However, Defendants' argument overlooks the fact, discussed in the previous section, that genuine issues of material fact remain as to the nature of the relationship between Plaintiffs and Defendants.

"Negligence claims are rarely susceptible of summary adjudication, and should ordinarily be resolved by trial of the issues." *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 425, 302 S.E.2d 868, 871 (1983); *see also Goodman v. Wenco Foods, Inc.*, 333 N.C. 1, 27, 423 S.E.2d 444, 457 (1992) ("Summary judgment 'is a drastic measure, and it should be used with caution.'"). Because genuine issues of material fact remain to be determined in the trial court as to the nature of the relationship between Plaintiffs and Defendants, the trial court did not err in denying Defendants' motion for summary judgment.

## V. *Woodson* Claims

Defendants also argue the trial court erred in denying Defendants' motion for summary judgment as to the alternative *Woodson* claims "because no issue of fact exists to support the higher standard required for such a claim."

When an "employer intentionally engages in misconduct knowing it is substantially certain to cause serious injury or death to employees and an employee is injured or killed by that misconduct, that employee, or the personal representative of the estate in case of death, may pursue a civil action against the employer." *Woodson v. Rowland*, 329 N.C. 330, 340-41, 407 S.E.2d 222, 228 (1991).

Defendants argue on appeal that Plaintiffs failed to allege certain elements of a *Woodson* claim. However, as stated above, the issue on a motion for summary judgment is whether the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c).

As in the previous section, because genuine issues of material fact remain to be determined in the trial court regarding the nature of the relationship between Plaintiffs and Defendants, Defendants have not shown that the trial court erred in denying Defendants' motion for summary judgment.

Affirmed.

Judges HUNTER, Robert C. and ELMORE concur.