ZACHARY, Judge.
 

 *610
 
 Kenneth Dippel (petitioner) appeals from the trial court's order dismissing his appeal from an order of the Clerk of Superior Court for Columbus County. The clerk ruled that respondent Lyle Dippel, petitioner's father, was not incompetent and dismissed the proceeding initiated by petitioner seeking an adjudication that respondent was incompetent and the appointment of a guardian for respondent. The trial court dismissed petitioner's appeal from the clerk's order on the grounds that under N.C. Gen. Stat. § 35A-1115 (2015) petitioner lacked standing to appeal and the trial court lacked jurisdiction to
 
 *685
 
 entertain the appeal. For the reasons that follow, we reverse.
 

 I. Factual and Procedural Background
 

 On 8 June 2015, petitioner filed a petition seeking an adjudication that respondent was incompetent and applying for appointment of a general guardian for respondent and of an interim guardian
 
 ad litem
 
 . Petitioner alleged that respondent was classified as totally disabled by the United States Department of Veterans Affairs due to complications of diabetes, and that respondent had granted a durable power of attorney to petitioner's brother, Michael Dippel, although respondent was
 
 *611
 
 "unable to fully understand the full consequences of executing a power of attorney[.]"
 

 On 18 June 2015, Attorney John Alan High was appointed as interim guardian
 
 ad litem
 
 (GAL) for respondent. On 16 July 2015, petitioner filed a motion for recusal of the Columbus County Clerk of Court and transfer of the case to Robeson County. Petitioner asserted that the Clerk had a "conflict of interest" due to his friendship with Michael Dippel's wife. The record does not include an order on petitioner's motion; however it is clear from Columbus County's continued exercise of jurisdiction over the case that the motion was denied.
 

 On 12 August 2015, an assistant clerk of court entered an order on petitioner's petition, using Administrative Office of the Courts form No. AOC-SP-202 for this purpose. The order stated that "[a] hearing was held before the Clerk of Superior Court and, after hearing the evidence, the Court does not find by clear, cogent, and convincing evidence that the respondent is incompetent[,]" and that "[i]t is adjudged that Respondent is not incompetent and the proceeding is dismissed." On 17 August 2015, petitioner appealed the clerk's order to the Superior Court of Columbus County. On 22 September 2015, respondent and Michael Dippel filed motions to dismiss petitioner's appeal, asserting that petitioner lacked standing to appeal the clerk's order and the superior court lacked jurisdiction to entertain petitioner's appeal, because "there was no order adjudicating the Respondent to be incompetent."
 

 On 7 October 2015, the trial court filed an order dismissing petitioner's appeal. The court stated that its order was "based upon N.C. Gen. Stat. § 35A-1115 and applicable caselaw," that the "Petitioner lacks standing to appeal the dismissal of the Petition for Adjudication of Incompetence by the Assistant Clerk of Superior Court," and that the trial court "lacks jurisdiction to hear any such appeal[.]" Petitioner noted a timely appeal to this Court from the trial court's dismissal of his appeal from the order of the assistant clerk of court adjudging that respondent was not incompetent and dismissing petitioner's petition.
 

 II. Standard of Review
 

 The trial court dismissed petitioner's appeal from the order entered by the assistant clerk of court based upon the court's interpretation of N.C. Gen. Stat. § 35A-1115, which governs the right of appeal from an order of the clerk of court on a petition seeking an adjudication that an individual is incompetent. Thus, "the issue before the appellate court is one of statutory construction, which is subject to
 
 de novo
 
 review."
 

 *612
 

 Lassiter ex rel. Baize v. N.C. Baptist Hosps., Inc
 
 .,
 
 368 N.C. 367
 
 , 375,
 
 778 S.E.2d 68
 
 , 73 (2015) (citing
 
 In re D.S.
 
 ,
 
 364 N.C. 184
 
 , 187,
 
 694 S.E.2d 758
 
 , 760 (2010) ).
 

 "The primary objective of statutory interpretation is to give effect to the intent of the legislature."
 
 First Bank v. S & R Grandview, L.L.C
 
 .,
 
 232 N.C.App. 544
 
 , 546,
 
 755 S.E.2d 393
 
 , 394 (2014) (citations omitted). "If the statutory language is clear and unambiguous, the court eschews statutory construction in favor of giving the words their plain and definite meaning. When, however, 'a statute is ambiguous, judicial construction must be used to ascertain the legislative will.' "
 
 State v. Beck
 
 ,
 
 359 N.C. 611
 
 , 614,
 
 614 S.E.2d 274
 
 , 277 (2005) (quoting
 
 Burgess v. Your House of Raleigh,
 
 326 N.C.205, 209,
 
 388 S.E.2d 134
 
 , 136-37 (1990) ) (other citation omitted). The language of a statute is ambiguous when it is "fairly susceptible of two or more meanings."
 
 State v. Sherrod
 
 ,
 
 191 N.C.App. 776
 
 , 778,
 
 663 S.E.2d 470
 
 , 472 (2008) (citation omitted).
 

 *686
 

 III. Discussion
 

 The clerk of court has exclusive jurisdiction over the initial determination of whether an individual is incompetent. N.C. Gen. Stat. § 35A-1102 (2015) states that Chapter 35A of our General Statutes "establishes the exclusive procedure for adjudicating a person to be an incompetent adult or an incompetent child." Pursuant to N.C. Gen. Stat. § 35A-1103(a) (2015), "[t]he clerk in each county shall have original jurisdiction over proceedings under this Subchapter."
 

 We next consider the right of appeal from the clerk of court. The general rule, expressed in several statutes, is that an aggrieved party may appeal from an order of the clerk of court to superior court. N.C. Gen. Stat. § 7A-251(a) (2015) states that:
 

 In all matters ... which are heard originally before the clerk of superior court, appeals lie to the judge of superior court having jurisdiction from all orders and judgments of the clerk for review in all matters of law or legal inference, in accordance with the procedure provided in Chapter 1 of the General Statutes.
 

 Chapter 1 of the General Statutes in turn provides in
 
 N.C. Gen. Stat. § 1-301.1
 
 (b) (2015) that "[a] party aggrieved by an order or judgment entered by the clerk may, within 10 days of entry of the order or judgment, appeal to the appropriate court for a trial or hearing
 
 de novo
 
 [.]
 
 N.C. Gen. Stat. § 1-301.2
 
 (2015) specifies that:
 

 *613
 
 (e) ... [A] party aggrieved by an order or judgment of a clerk that finally disposed of a special proceeding, may, within 10 days of entry of the order or judgment, appeal to the appropriate court for a hearing
 
 de novo
 
 ....
 

 (g)(1) [Regarding] [p]roceedings for adjudication of incompetency[,] ... Appeals from orders entered in these proceedings are governed by Chapter 35A to the extent that the provisions of that Chapter conflict with this section.
 

 The above-quoted statutes establish that an aggrieved party may appeal to superior court from an order of the clerk of court in a competency proceeding, unless the right is countermanded by a different statute in N.C. Gen. Stat. § Chapter 35A. In this case, the specific statute addressing appeals from the clerk of court in competency proceedings is N.C. Gen. Stat. § 35A-1115, which states that "[a]ppeal from an order adjudicating incompetence shall be to the superior court for hearing
 
 de novo
 
 and thence to the Court of Appeals." We conclude that N.C. Gen. Stat. § 35A-1115 does not conflict with other statutes and that it permits appeal from the clerk's order in the instant case.
 

 We discern no legal basis or policy consideration that suggests a legislative intent to deprive an aggrieved party from appealing a clerk's determination that a respondent is not incompetent. We note that in the present case, petitioner moved for recusal of the Clerk of Court on the grounds that the clerk had a conflict of interest. Petitioner's motion highlights the benefit of allowing review of the clerk's order, without regard to the merits of petitioner's motion. We conclude, given the ubiquity of the right of appeal from the clerk of court to superior court and the absence of any limiting or restrictive language in the statute, that the only reasonable interpretation of N.C. Gen. Stat. § 35A-1115 is that the statute allows appeal to superior court from any order of the clerk of court "adjudicating [the issue of] incompetence."
 

 In reaching this conclusion, we have rejected an alternate interpretation, suggested in respondent's motion to dismiss petitioner's appeal, that would limit the right of appeal to orders "adjudicating [that an individual meets the definition of] incompetence." We observe that N.C. Gen. Stat. § 35A-1115 provides for appeal from orders adjudicating
 
 incompetence
 
 , a noun, rather than from orders adjudicating that a specific person is
 
 incompetent
 
 , an adjective. We conclude that respondent's proposed interpretation of N.C. Gen. Stat. § 35A-1115 is not reasonable.
 

 *614
 
 Although the trial court's order also references petitioner's standing to appeal, there is no question that petitioner is an aggrieved party and thus entitled to appeal. We hold that N.C. Gen. Stat. § 35A-1115 allows an aggrieved party to appeal from an order of the clerk of court determining the issue of incompetence, whether the order adjudges
 
 *687
 
 (as in the present case) that the evidence was insufficient to establish that the respondent is incompetent, or whether the clerk adjudges that the respondent is incompetent. We conclude that the trial court erred by dismissing petitioner's appeal, but note that the trial court's ruling was made without the benefit of this opinion, which is the first to directly address the scope of N.C. Gen. Stat. § 35A-1115. We conclude that the trial court's order must be
 

 REVERSED.
 

 Judges STEPHENS and McCULLOUGH concur.